IN THE NORTHERN DISTRICT FEDERAL COURT
EASTERN DIVISION

| | |
|---|---|
| JoAnne M. Denison,<br><br>Plaintiff,<br><br>v.<br><br>Jerome Larkin, Melissa Smart, Sharon Opryszek, Leah Black, all individuals, and Nextpoint, Inc., an Illinois corporation and the Illinois Attorney Registration and Discipline Commission, an agency of the State of Illinois, and other unknown entities<br><br>Defendants | NO.          14 cv 1470<br><br>Honorable _____<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Now comes Plaintiff, Joanne M. Denison, by and through her co-counsel of record, Attorney Kenneth Ditkowsky, and sues the following entities for copyright infringement, and requests a preliminary and permanent injunction against copyright infringement (17 U.S.C. § 101 et seq.):

a. Mr. Jerome Larkin, having a place of business of 130 E. Randolph Drive, #1500, Chicago, IL 60601.

b. Ms. Sharon Opryszek, having a place of business of 130 E. Randolph Drive, #1500, Chicago, IL 60601.

c. Ms. Melissa Smart, having a place of business of 130 E. Randolph Drive, #1500, Chicago, IL 60601.

d.  Ms. Leah Black, having a place of business of 130 E. Randolph Drive, #1500, Chicago, IL 60601.

e.  Nextpoint, Inc., having a place of business of 4043 N Ravenswood Ave, Suite 317, Chicago, IL 60613.

And other defendants, as determined by discovery efforts during the pendency of this cause of action.

## JURISDICTION AND VENUE

1.  This honorable court has personal jurisdiction over Defendants, who are citizens that reside within this court's jurisdiction, or they are entities incorporated by the State of Illinois and are doing business within this jurisdiction.  Venue is proper in this district as all defendants reside in this district or do business within this district.

2.  This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 et seq.).

3.  This Court has jurisdiction under 17 U.S.C. § 101 et seq.; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).

4.  Venue in this District is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a), in that each Defendant resides in this District or has a place of business

2

in this District, and the acts of infringement complained of herein occurred in this District.

### A. STATEMENT OF FACTS COMMON TO ALL COUNTS

5. On or about November 2011, Plaintiff Denison created a blog at www.blogger.com under the URL www.marygsykes.blogger.com. Sometime later, she created a mirror blog at www.wordpress.com called www.marygsykes.com. Eventually, and after approximately 5,000 views, the blog created at www.blogger.com was abandoned in favor of the Wordpress blog at www.marygsykes.com because Wordpress was and is easier to use and has many more features than Blogger.com does. Blogger.com is owned and operated by Google.com. Both blogs contain the same content and for the purposes of this lawsuit shall be referred to as the "Subject Blog" or "copyrighted Subject Blog". The Subject Blog is currently very popular and has experienced at least 44,000 hits to date since its creation. It is frequently cross posted on other probate court victim blogs and websites.

6. The blog www.margygsykes.com ("Mary Sykes Blog") was created to provide a forum for the friends and relatives of Mary Sykes, a probate victim, to speak out against corruption in the courtroom, there being found a large number of irregularities in applications of the Illinois Probate Act to the case. After the blog had been in operation a short while, Plaintiff discovered there were other highly

3

popular probate blogs and courtroom corruption blogs and far too many complaints abounded on the internet and in Plaintiff's email inbox attesting to verifiable instances where there were serious breaches of human and civil rights, most notably cases proceeding where the ward and next of kin had not been properly served with summons and complaint 14 days in advance of the hearing to declare a Respondent incompetent, as required by the Illinois Probate Act. Other instances of serious breaches occurred also, leaving the ward, friends and family terrorized by the probate courts. Unfortunately, it turned out Sykes was not the only case where the Illinois Probate Act was not being follow at all in the courtroom to protect the Ward and the Ward's family.

7. The Mary Sykes Blog was never sold or offered for sale, and the license posted on the blog itself, Exhibit B, attached hereto, made it clear, that cross posts are permissible under some terms and conditions, but the character of the blog was that it was to remain unpublished and dedicated to the probate and other courtroom victims which it served.

8. That at all times relevant the Rule of Law as to the interpretation of the core value of American jurisprudence and the First Amendment was decreed by the Rule of Law specified by the United States Supreme Court in the cases of **Peel v Attorney Registration and Disciplinary Commission of Illinois** 110 S. Ct 2281, **Ashcroft v ACLU** 535 US 564, 122 S. Ct 1700, **United States v Alvarez** 132 S. Ct 2537, **Brown v. Entm't Merchants Ass'n** 1321 S. CT 2729, **Snyder**

4

**vs Phelps** 131 S. Ct 1207, **United States v. Stevens** 130 S. CT 1577, **Citizens United v. Fed Election Comm** 130 S. Ct 876. [1]

9. The Subject Blog and other probate blogs provided a forum to the probate and other courtroom victims a place to feel safe and discuss legal issues and strategies, explain laws and compliance with laws in an appropriate legal forum with attorneys to assist in the discussions. Certain Illinois attorneys engaging in the actions complained of, have taken exception to the undersigned counsel repeatedly explaining and assuring these victims and their families that the law was not meant to function in such a highly irregular and unjust manner.

**A. First Infringement Period**

10. On or about January 8, 2013, the IARDC infringed upon the 'blog' using approximately 15 paragraphs of text from the Mary Sykes Blog for purposes that violated the Rule of Law stated in 47 USCA 230 and the SCOUS in the United States Supreme Court in the cases of **Peel v Attorney Registration and Disciplinary Commission of Illinois** 110 S. Ct 2281, **Ashcroft v ACLU** 535 US 564, 122 S. Ct 1700, **United States v Alvarez** 132 S. Ct 2537, **Brown v. Entm't Merchants Ass'n** 1321 S. CT 2729, **Snyder vs Phelps** 131 S. Ct 1207, **United States v. Stevens** 130 S. CT 1577, **Citizens United v.Fed Election Comm** 130 S.

---

[1] N. B. It is respectfully submitted that as government, except in very rare instances, is deprived by the First Amendment of any right to regulate, impede or otherwise interfere with political and/or content related speech Larkin, Smart, Opryszek, Black, and the Attorney Registration and Disciplinary Commission are acting not as a governmental agency in their violation of the aforesaid copyright.

Ct 876. Exhibit C, hereto.   The defendant IARDC falsely claimed that the pirated material was either "false or were made with reckless disregard for the truth". This now protected material was published on the internet at the IARDC's website with all copyrighted text preserved intact, rather than indicating "copyrighted materials omitted" as is typically done in cases involving copyrighted materials.

11. Plaintiff Denison promptly sent the IARDC and the defendants named herein -- except defendant Nextpoint (who was unknown at said point in time)-- a cease and desist letter informing the IARDC that copyright infringement would not be tolerated and the blog was protected by the US and Illinois Constitution, 47 USC § 230 and a variety of other federal and state statutes and common law defenses to defamation Exhibit D hereto.   Plaintiff Denison at the same time uploaded a copy of the blog from Nov 2011 to January 2013 to make application for a copyright registration of an unpublished work.   Exhibit A.   The copyright registration issued in due course on January 26, 2013 (effective date.)   *Id.*   Subsequently, co-counsel Kenneth Ditkowsky transferred his entire interest, right and title, including the right to sue, to his emails and posts to Plaintiff Denison, as shown by the records of the US Copyright Office/Library of Congress, Exhibit E.

12. The IARDC never responded to Plaintiff's cease and desist letter in any manner (Exhibit B, hereto).   No defendant at any time complied with the cease and desist request, but each continued to openly, notoriously, and wrongfully continue to violate the Plaintiff's copyrights in and to her creative writings and those of Mr.

6

Kenneth Ditkowsky ("KDD"). Eventually Plaintiff Denison filed a Notice of Copyright Registration with the Clerk of the ARDC notifying them that in fact her Copyright registration for her unpublished works had properly registered. Exhibit I hereto. That communication was also ignored by the ARDC.

13. On or before July 31, 2013, Plaintiff Denison was provided with a copy of the IARDC file in her case. She was shocked to learn that the ARDC had copied hundreds of pages from her blog, despite the fact that 99 per cent of the pages had nothing to do with the allegations in the Complaint filed against Plaintiff Denison, and despite the fact that the IARDC had been directly informed to cease and desist copyright infringement of her blog. Samples of these copies are attached hereto as Exhibit F. The total number of pages slavishly copied in this infringement event was nearly 200 pages. Defendant Leah Black's name appears on many pages of these printouts. (That pursuant to the First Amendment, the IARDC has no authority to impede, regulate or otherwise interfere with plaintiff's communication including those stated on her blog.) (Sample prints with Ms. Leah Black's name may be found on pages 1028, 1043 to 1054, for example.) *Id.*

14. At all times relevant Plaintiff Denison objected to the use of this copyrighted material on the basis of the First Amendment, 47 USC § 230 and copyright infringement statutes as well as other common law protections for such intellectual property.

15. At all times, Plaintiff Denison has properly asserted her copyright rights in and to her blog. (N.B. The IARDC has admitted that the blog consists of non-commercial political speech, meaning that the Blog should be afforded the highest protections under the US Constitution and the Illinois Constitution.)

16. Plaintiff Denison's limited license for a non-published work on the blog is clear, and it is equally clear that each and every defendant in this matter has either directly infringed upon her works, or has done so by contributory or by vicarious methods.

17. Plaintiff Denison believes that the contents of the Subject Blog are protected under the First Amendment to the US constitution, the Fifth Amendment and Fourteenth Amendment and that her constitutional rights have been seriously and repeatedly violated by the continuing wrongful and illegal conduct of the Defendants, and this conduct, if left unchecked, will continue to undermine her rights as an author as to when, where and how to copy, disseminate, make derivative woks and subsequent creative works based upon this blog in order to publish it for profit under the terms and conditions which she deems proper and fit.

18. That upon information and belief, it is believed that the IARDC has copied hundreds of pages of text, of which contain creative and informative discussions of probate issues–all without the permission of the Plaintiffs or in accordance with the license agreement. Upon information and belief, the court decisions of the IARDC are sold or made available to companies such as Nexis/Lexis and

8

Westlaw for paid or unpaid benefits to the IARDC, making the taking of a popular blog for commercial profit and benefits highly wrongful.

19. The allegations of corruption made by plaintiff and protected contributors to the blog together with numerous other concerned citizens, hundreds of transcripts, pleadings and evidence clearly establishing troubles and issues in the courts, are also published on the blog and freely available for anyone to read and comment upon. Accordingly, the Subject Blog represents Fair Reporting, Opinion and fair comment and various other common law defenses under Illinois case law.

20. On or about October 15, 2013, Plaintiff Denison reviewed the IARDC exhibits ("First Set") and was shocked to find that hundreds of pages of her blog had been cut and pasted and set up as exhibits for trial. The redactions were unclear and improper. 99% of these items were not used at trial by the IARDC and it was difficult to determine exactly what the IARDC was complaining was "false or made with reckless disregard to the truth". Samples of these infringements are attached hereto as Exhibit G.

21. On or about January 21, 2014 Plaintiff Denison was shocked to learn that not only was the IARDC and the other individual defendants continuing their unabated efforts to copy, disseminate and publicly display her blog and writing contained therein, but the full blog, from inception to date had been captured online by Defendant Nextpoint's software, and copied numerous times and then incorporated into even further exhibits–nearly all of which were duplicative in nature–and put into two large 3" binders. This is despite the fact that the IARDC

9

was told all of the exhibits constituted copyright infringement and were not to be copied, disseminated, or publicly displayed. The number of pages slavishly copied by the Defendants in January of 2014 is over 800 pages, and samples of these copies are attached hereto as Exhibit H.

22. Defendant Opryszek, in particular, who was furnished a copy of the blog (on disk), has denied receiving a copy. She received it on disk and on gdrive from illinois.ardc@gmail.com. Defendant Opryszek was told she could view, but not copy, publicly display or disseminate any portion of the blog. It was for her private investigatory purposes only and only to bring causes of action against the miscreants involved in the troubles and issues in various probate cases complained of.

23. That the use of the infringed material was frivolous and done as a show of arrogance as it is believed that only a handful of the approximately 1000+ pages it copied have been used for any allegedly constructive purpose.[2]

24. In addition, it appears that all of the Defendants, acting both singly and in concert, engaged yet a third party, software developer Nextpoint, Inc., to utilize their software to download and capture the copyrighted Subject Blog–all to the

---

[2] Use of the infringed property for actions in violation of the Rule of Law as decreed by the Supreme Court of the United States in the United States Supreme Court in the cases of **Peel v Attorney Registration and Disciplinary Commission of Illinois** 110 S. Ct 2281, **Ashcroft v ACLU** 535 US 564, 122 S. Ct 1700, **United States v Alvarez** 132 S. Ct 2537, **Brown v. Entm't Merchants Ass'n** 1321 S. CT 2729, **Snyder vs Phelps** 131 S. Ct 1207, **United States v. Stevens** 130 S. CT 1577, **Citizens United v.Fed Election Comm** 130 S. Ct 876 is a wrongful usage of the copyrighted material.

10

detriment of Plaintiff and to the consternation of her blog fans who do not approve of the activities of the IARDC and JIB in ignoring their (valid) complaints against certain clout heavy judges and court connected favored attorneys.

25. Defendant Nextpoint produces webpage software data which has nearly no legitimate use other than to violate the copyrights of website owners, similar to other nefarious software publishers such as the former Napster, Gnutella, Limewire and uTorrent–each of which produce software for use by third parties that have nearly no legitimate use and is nearly always used for copyright infringement of legitimate websites. Defendant Nextpoint revealed at trial that it was hired to testify on behalf of the IARDC, that it knew its software was used to capture a private blog which was likely copyrighted, it either knew or should have known of the copyright in and to this blog, it failed to make any reasonable investigation thereof, and by the time of trial weeks later, its representative admitted he did not shut down the IARDC account after learning Nextpoint's software had in fact captured large portions of a private, copyrighted blog it either knew or should have known was subject to US copyright laws.

## COUNT I: DIRECT COPYRIGHT INFRINGEMENT

26. The copies made by the Defendants were slavish in nature, and were not done by mistake on just one day, but were clearly the result of copying the entire portion of the blog over days and days, far in excess of what the IARDC needed for any

11

investigation and/or hearing and 99% in excess of what was actually used during an ultra vires proceeding patently seeking to deprive the plaintiff of her First Amendment Rights[3].

27. The copies made by the Defendants were slavish in nature, and were not done by mistake on just one day, but were clearly the result of copying the entire portion of the blog over days and days, far in excess of what the IARDC needed for its investigation and trial and 99% in excess of what was actually used during its case in chief.

28. Plaintiff is asking for statutory damages for wilful infringement in the amount of $150,000 plus her reasonable attorney's fees, costs and other relief afforded by the US. Copyright provisions relating to remedies for infringement under 17 USC § 504 and that all copies comprising copyright infringement be delivered up for destruction by the U.S. Marshall and that Defendants pay the costs of the destruction.

## COUNT II: CONTRIBUTORY COPYRIGHT INFRINGEMENT

29. Plaintiff herewith alleges and re-alleges paragraphs 1 to 27 above, as if fully set forth herein for contributory copyright infringement against Defendant Larkin.

---

[3] The Supreme Court of the United States has ruled in numerous recent cases including Citizens United (cited Supra) that government has no franchise to impede, interfere with or otherwise censor of limit content related (or political speech). The content of the blog is strictly content/political speech and addresses corruption in the Courts that fosters 'elder cleansing.'

30. Upon information and belief, certain of the Defendants did not directly copy, disseminate or publicly display the Blog, but instead caused other Defendants to do so either directly or indirectly by command or approval or inducement when in fact the management, supervisors and others in control of the IARDC were aware of Plaintiff's claims to a copyright in the Subject Blog.

31. Upon information and belief, Defendant Larkin did not directly copy the Subject Blog, yet directly instructed, requested or made known his objectives to copy, disseminate and publicly display large portions of a the copyrighted Subject Blog.

32. Defendants Smart, Opryszek and Black, were directly involved in copying, disseminating and publicly displaying the Subject Blog, and further instructed others to capture and download large additional portions of the blog through their third party agents, namely Nextpoint, Inc. In addition, all defendants copied Plaintiff's header which consisted of 1) her photograph of her dog Hannah, 2) a copy of John Howard Wyman's Book, "Against Her Will"—which book is subject to a separate and earlier copyright registration, and 4) a copy of several custom watercolor drawings which are the subject of separate copyright registrations. See Exhibit J, J1 and J2 hereto for examples. There is absolutely no justifiable reason for the Defendants to have infringed upon these other copyright registrations.

33. Defendant Nextpoint, Inc. either knew or should have known that continued access by the Defendants from the IARDC would result in additional copyright infringement, and when contacted to provide testimony, took no actions to

13

prevent additional data capture by Defendants Opryszek, Smart and Black from the IARDC. In addition, it did not demand that the IARDC cease and desist use of any copyrighted information which it may have downloaded, in effect condoning the illegal, wrongful misuse of its software to infringe upon legitimate copyrighted materials.

34. The copying done was slavish in nature, clearly extended over a long period of time-- well after Defendants received Plaintiff's cease and desist letter, and said copies were 99% in excess of what was needed for any legitimate hearing having a legitimate purpose and/or conducted pursuant to the mandate of the delegation that the Illinois Attorney Registration and Disciplinary Commission might require. During *ultra vires* hearings held on or about the 3rd week of January 2014 very few paragraphs of the infringed material were actually used.[4]

35. Plaintiff is asking for statutory damages for wilful infringement in the amount of $150,000 plus her reasonable attorney's fees, costs and other relief afforded by the U.S. Copyright provisions relating to remedies for infringement under 17 USC § 504. In addition, Plaintiff is requesting a preliminary and permanent injunction to prevent future copying of the Subject Blog and that all copies comprising

---

[4] It is believed, though not relevant to these proceedings that the usage of the copyrighted material was of a parochial nature seeking to intimidate the plaintiff herein even though the individual defendants were aware of 47 USCA 230, 320 ILCS 20/4, 735 ILCS 110/5, the First Amendment to the United States Constitution and the Rule of Law as set forth by the United States Supreme Court in the cases of **Peel v Attorney Registration and Disciplinary Commission of Illinois** 110 S. Ct 2281, **Ashcroft v ACLU** 535 US 564, 122 S. Ct 1700, **United States v Alvarez** 132 S. Ct 2537, **Brown v. Entm't Merchants Ass'n** 1321 S. CT 2729, **Snyder vs Phelps** 131 S. Ct 1207, **United States v. Stevens** 130 S. CT 1577, **Citizens United v.Fed Election Comm** 130 S. Ct 876

14

copyright infringement be delivered up for destruction by the U.S. Marshall and that Defendants pay the costs of the destruction.

### COUNT III: VICARIOUS COPYRIGHT INFRINGEMENT

36. Upon information and belief, certain of the Defendants did not directly copy, disseminate or publicly display the Blog, but instead caused other Defendants to do so either directly or indirectly by command or approval when in fact the management, supervisors and others in control of the IARDC were aware of Plaintiff's claims to a copyright in the Subject Blog.

37. Upon information and belief, Defendant Larkin may not have directly copied the Subject Blog, yet upon information and belief, he directly instructed, requested or made known his objectives to copy, disseminate and publicly display large portions of a copyrighted blog though others, including his staff, assistants and even hired vendors, and in particular Defendant Nextpoint.

38. Plaintiff is asking for statutory damages for wilful infringement in the amount of $150,000 plus her reasonable attorney's fees, costs and other relief afforded by the U.S. Copyright provisions relating to remedies for infringement under 17 USC § 504. Plaintiff is also asking for a preliminary and permanent injunction against copyright infringement of the Subject Blog and that all copies comprising copyright infringement be delivered up for destruction by the U.S. Marshall, and that Defendants pay the costs of the destruction.

WHEREFORE, Plaintiff prays for judgment against Defendants for:

1.) Statutory damages for wilful copyright infringement against each and all defendants as jointly and severally liable for copyright infringement;

2.) A preliminary and permanent injunction against copying portions of Plaintiff's Subject Blog to be found at www.marygsykes.com and www.justice4every1.com whereby each of the defendants, their employees, staff, assigns, agents and those acting in concert, be prohibited from copying, downloading or disseminating any blog posts contained on any of Plaintiff Denison's Blogs, including, but not limited to: www.marygsykes.com and www.justice4every1.com and all other URL's these blogs are or may be directed to or from.

3.) Her reasonable attorneys' fees for prosecuting the instant matter.

4.) An Order that all exhibit pages not used at trial, according to the official transcript, be delivered up for destruction to the US Marshall, and that Defendants shall pay the cost for the destruction of infringing copies.

5.) An Order directing that the 15 paragraphs of Plaintiff Denison's blog used to publish the Jan. 8, 2013 complaint on the IARDC's website be removed and marked in lieu thereof "copyrighted material omitted," and any subsequent publication of Plaintiff Denison's copyrighted Subject Blog.

4.) Costs and such other relief as the court may deem proper.

Dated:   Feb. 28, 2014

Respectfully Submitted,

| /s/ JoAnne Denison | /s/ Kenneth Ditkowsky |
|---|---|
| JoAnne Denison | Kenneth Ditkowsky |
| Pro se Plaintiff | Co counsel |

JoAnne M. Denison, 6192441
Denison & Associates, PC
5901 N. Cicero Ave, #101
Chicago, IL 60642
phone:   312-553-1300
fax:   312-376-8842
www.denisonlaw.com
joanne@denisonlaw.com

Kenneth Ditkowsky, 0642754
5940 W. Touhy Ave, STE 230
Niles, Illinois 60714
847 600 3421
Ken@DitkowskyLawOffice.com

VERIFICATION

The undersigned, Joanne M Denison and Kenneth K. Ditkowsky, plaintiff and co-counsel in the above captioned action, herewith states that all statements made in the foregoing complaint are true and accurate to the best of their information and belief at the time the statements were made. If called to testify, we shall testify as to the same.

/s/ JoAnne Denison          /s/ Kenneth Ditkowsky