**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Joanne M. Denison, | ) ) | |
| Plaintiff, | ) ) | No. 1:14-cv-01470 |
| v. | ) ) ) | Judge Amy J. St. Eve |
| Jerome Larkin, Melissa Smart, Sharon Opryszek, Leah Black, Nextpoint, Inc and the Illinois Attorney Registration and Discipline Commission, | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER.

AMY J. ST. EVE, District Court Judge:

Plaintiff JoAnne M. Denison ("Plaintiff") brings this action against Defendants Jerome Larkin, Sharon Opryszek, Melissa Smart, Leah Black, and Nextpoint (collectively, "Defendants") alleging copyright infringement, vicarious copyright infringement and contributory copyright infringement in violation of 17 U.S.C §101 et seq. Defendants move to dismiss Plaintiff's Complaint in its entirety. Jerome Larkin, Sharon Opryszek, Melissa Smart, and Leah Black (collectively, the "IARDC Defendants") move to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6)[1]. Nextpoint also moves to dismiss for failure to state a claim pursuant to Rule 12(b)(6). For the following reasons, the Court grants Defendants' motions to dismiss.

---

[1] The IARDC Defendants also raised the Younger doctrine as a basis for dismissal. Because the Court is dismissing Plaintiff's claims for failure to state a claim pursuant to Rule 12(b)(6), it does not address Defendants' argument for abstention pursuant to the *Younger* doctrine.

## BACKGROUND[2]

This case arises out of an Illinois Attorney Registration and Disciplinary Commission ("IARDC") disciplinary proceeding. Plaintiff, a licensed attorney in the state of Illinois, is suing the IARDC and Nextpoint for using portions of her copyrighted Blog ("Blog") as evidence against her in an attorney disciplinary proceeding. The IARDC has alleged that Plaintiff made false statements about judges and other lawyers on her Blog, which addresses the guardianship proceeding of Mary Sykes. (R. 1-4, Pl. Exhibit C ¶ 6.)[3]

### I.    Mary Sykes

Mary Sykes was a 90-year-old woman who was put into guardianship in December of 2009. (R. 1, Compl. ¶ 6.) Plaintiff investigated Ms. Sykes' case and allegedly found "a large number of irregularities" in the case. (*Id.*) Plaintiff believes that Ms. Sykes was a victim of courtroom corruption. (*Id.*)

In late 2011, Plaintiff created the Blog to, in her words, "provide a forum for the friends and relatives of Mary Sykes, a probate victim, to speak out against corruption in the courtroom." (R.1, Compl. ¶ 6.) Plaintiff applied for and received a copyright registration for the Blog on January 26, 2013. (R 1-4, Pl. Exhibit A.) Plaintiff posted her own writings as well as the writings of others on the Blog. The writings included allegations of corruption in the Probate Court of Cook County, that Sykes was the victim of elder abuse, and that the guardians *ad litem* and the court had physically or mentally harmed Sykes. (R. 1-4, Pl. Exhibit C ¶ 6.) This

---

[2] The Court accepts Plaintiff's factual allegations as true for purposes of Rule 12(b)(6).
[3] Plaintiff submitted a redacted version of the IARDC complaint against her. The Court may take note of the IARDC proceeding against Plaintiff in this motion to dismiss because the IARDC complaint is a public record. Ill. S. Ct. R. 766(a) (attorney disciplinary proceedings are public). *See Ennenga v. Starns*, 677 F.3d 766, 773-74 (7th Cir. 2012) ("Taking judicial notice of matters of public record need not convert a motion to dismiss into a motion for summary judgment"). Defendants filed the un-redacted IARDC complaint as R. 24-1, Defendant's Exhibit 1.

guardianship proceeding has generated several state and federal proceedings involving Plaintiff and her associate, Kenneth Ditkowsky.[4]

## II. IARDC Action Against Plaintiff

The Illinois Supreme Court has the power to discipline attorneys who have been admitted to practice in the state of Illinois. *In re Thomas*, 356 Ill. Dec. 769, 791 (Ill. 2012) (citing *In re Mitan*, 75 Ill. 2d 118, 123, 387 N.E. 2d 278 (1979), *cert. denied,* 444 U.S. 916 (1979)). The Illinois Supreme Court enacted rules governing the discipline of attorneys and created the IARDC to enforce those rules. Ill. S. Ct. Rules 751-80. The IARDC's responsibilities include conducting disciplinary proceedings affecting members of the Illinois bar. Ill. S. Ct. R. 751(a). Investigations conducted by the IARDC remain private and confidential. Ill. S. Ct. R. 766(a)(1).

The Administrator in this case, Defendant Jerome Larkin, concluded that sufficient evidence existed to establish misconduct by Plaintiff and brought the matter to the Inquiry Board, which determines whether to file a complaint with the Hearing Board, pursuant to Ill. S. Ct. R. 753(a)(2). If the Inquiry Board decides to file a complaint based on the misconduct, the Administrator files the complaint with the Hearing Board. Ill. S. Ct. R. 753(b). Defendants Melissa Smart, Sharon Opryszek and Lea Black are IARDC attorneys who represent Mr. Larkin before the Hearing Board. The Hearing Board can recommend discipline, dismissal of the complaint or petition, or nondisciplinary disposition. Ill. S. Ct. R. 753(c)(3). Disciplinary actions include disbarment, suspension, censure, and reprimand. Ill. S. Ct. R. 770.

---

[4]*Ditkowsky*, 2012PR00014 available at http://www.iardc.org/ardcroll.asp (Review Board Dec. 5, 2013) (recommendation to the Illinois Supreme Court that Mr. Ditkowsky be suspended four years for making statements the lawyer knows to be false or with reckless disregard for its truth in regards to the Sykes matter); *Ditkowsky*, M.R. 26516 available at http://www.iardc.org/ardcroll.asp (Ill. Order March 15, 2014) (Illinois Supreme Court Order suspending Mr. Ditkowsky for matters related to the Sykes case); *Ditkowsky and Denison v. Stern, et al.,* No. 14-cv-375, 2014 WL 1607587 (N.D. Ill. Apr. 21, 2014) (Mr. Ditkowsky and Ms. Denison sued Defendant Larkin and others for allegedly violating their First, Fifth and Fourteenth Amendment rights and for intrusion upon seclusion after the IARDC began a proceeding against them for making false statements. Both counts were dismissed for failure to state a claim).

Upon the filing of the recommendation of the Hearing Board, either party may appeal to the Review Board. Ill. S. Ct. R. 753(d). The Review Board presides over an appellate review of the Hearing Board's determination. Ill. S. Ct. R. 753(d)(1). The Review Board may approve, reject or modify the recommendation of the Hearing Board. Ill. S. Ct. R. 753(d)(3). Additionally, the Review Board may make additional findings or may remand for further action. *Id.* Either party may appeal the report and recommendation of the Review Board to the Illinois Supreme Court. Ill. S. Ct. R. 753(e).

Defendant Black filed a disciplinary complaint on behalf of Defendant Larkin against Plaintiff alleging professional misconduct in making false statements on her Blog. (R 1-4, Pl. Exhibit C ¶ 10.) The IARDC complaint alleged that Plaintiff wrote in her Blog that the judges, guardians *ad litem,* and other attorneys involved in the guardianship proceedings engaged in improprieties including theft and embezzlement from the estate of the Ms. Sykes. (*Id.* ¶¶ 4-8.) The IARDC alleged that these claims were false and brought an action against Plaintiff for:

a) making a statement that the lawyer knows to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge, adjudicatory officer or public legal officer, in violation of Rule 8.2 of the Illinois Rules of Professional Conduct;

b) conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of Rule 8.4(c) of the Illinois Rules of Professional Conduct;

c) conduct that is prejudicial to the administration of justice, in violation of Rule 8.4(d) of the Illinois Rules of Professional Conduct;

d) presenting, participating in presenting, or threatening to present criminal charges to obtain an advantage in a civil matter, in violation of Rule 8.4(g) of the Illinois Rules of Professional Conduct; and

e) conduct which tends to defeat the administration of justice or to bring the courts or the legal profession into disrepute.

(*Id.* ¶ 12.)

**III.  Copyright Action Against IARDC and Nextpoint**

Plaintiff brought this suit alleging that the IARDC infringed on her copyright by using "15 paragraphs of text from the Mary Sykes Blog" in its disciplinary complaint which the IARDC posted on its website. (R.1, Compl. at ¶ 10.) In addition, the ARDC copied "hundreds of pages from her blog" and maintained them in her case file. (*Id.* ¶ 13.) Plaintiff alleges the IARDC copied over 1,000 pages of the Blog and "then incorporated [it] into even further exhibits." (*Id.* ¶¶ 21, 23.) Plaintiff claims the amount copied was "far in excess of what the IARDC needed for its investigation and trial." (*Id.* ¶ 27.) Moreover, Plaintiff alleges that she sent the IARDC a cease and desist letter and objected to its use of her copyrighted materials. (*Id.* ¶¶ 11,14.) The IARDC, according to Plaintiff, continued to copy and use portions of her blog for the disciplinary hearing, including for trial exhibits.

Additionally, Plaintiff alleges that Nextpoint, which produces webpage software data, also infringed on her copyright by allowing the IARDC to use Nextpoint's software to capture her Blog. (*Id.* ¶ 24.) Plaintiff claims that the copies exceeded the amount necessary for the IARDC proceeding. (*Id.* ¶ 34.) In Count I, Plaintiff alleges that the Defendants committed direct copyright infringement. (*Id.* ¶ 26.) In Counts II and III, Plaintiff alleges that Defendant Larkin committed contributory copyright infringement and vicarious copyright infringement. (*Id.* ¶¶ 29; 37.)

Plaintiff seeks (1) statutory damages for willful infringement against each and all Defendants as jointly and severally liable; (2) a preliminary and permanent injunction against copying portions of Plaintiff's Blog; (3) an order that Defendants deliver up for destruction by the United States Marshal all exhibit pages not used at trial and that Defendants pay the cost of such destruction; (4) an order directing the IARDC to remove the 15 paragraphs of her Blog used

5

to publish the January 8, 2013 complaint on the IARDC's website and to mark the omitted portions "copyrighted material omitted;" and (5) her reasonable attorney's fees, costs, and other relief under United States copyright law. (*Id*. p. 16.)

## LEGAL STANDARD

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff,* 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiffs "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* Put differently, a complaint must contain sufficient factual content "to allow the court 'to draw a reasonable inference that the defendant is liable for the misconduct alleged.'" *Charleston v. Board of Trs. of Univ. of Ill. at Chicago,* 741 F.3d 769, 772 (7th Cir. 2013) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed. 2d 868 (2009)). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665–66 (7th Cir. 2013). In ruling on a Rule 12(b)(6) motion, district courts may also consider documents attached to the pleadings without converting the motion into a motion for summary judgment, as long as the documents are referred to in the complaint and central to the claims. *See Geinosky v. City of Chicago,* 675 F.3d 743, 745 n. 1 (7th Cir. 2012). Additionally, although a plaintiff need not plead facts in the complaint to defeat potential affirmative defenses, where "the allegations of the complaint itself set forth everything

6

necessary to satisfy [an] affirmative defense," the plaintiff pleads himself out of court. *See Brooks v. Ross,* 578 F.3d 574, 579 (7th Cir. 2009).

## ANALYSIS

The IARDC Defendants seek dismissal of the alleged vicarious, contributory and direct copyright infringement claims pursuant to Rule 12(b)(6) for failure to state a claim. Nextpoint also seeks dismissal of the direct copyright infringement claim pursuant to Rule 12(b)(6) for failure to state a claim.

**I.    Direct Copyright Infringement**

The owner of a copyright has the exclusive right to reproduce the copyrighted work. 17 U.S.C §106(1). Copyright infringement occurs when anyone violates the exclusive rights of a copyright owner. 17 U.S.C §501(a). "A plaintiff alleging copyright infringement must establish two elements: '(1) ownership of a valid copyright, and (2) copying of the constituent elements of the work that are original." *Janky v. Lake Cnty. Convention And Visitors Bureau*, 576 F.3d 356, 361 (7th Cir. 2009) (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991)).

Here, Plaintiff alleges that she owns a copyright for the Blog and that the IARDC made copies of this Blog. (R.1, Compl. ¶¶ 10-11; 24.) Copying copyrighted material is prima facie evidence of copyright infringement. 17 U.S.C. §501. If the copying is for a fair use of the material, however, it does not constitute infringement. 17 U.S.C §107. Fair use is an affirmative defense to a copyright infringement claim. *See Brownmark Films, LLC v. Comedy Ptrs.*, 682 F.3d 687, 689 (7th Cir. 2012).

The Copyright Act sets forth four, non-exclusive factors that a court must consider in determining whether a particular use of a copyrighted work is a fair use: "(1) the purpose and

character of the use…; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and (4) the effect of the use upon the potential market for or value of the copyrighted work." 17 U.S.C. § 107 (2006). These factors are "illustrative and not limitative" and "provide only general guidance." *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 577, 114 S. Ct. 1164, 127 L. Ed. 2d 500 (1994). The Supreme Court has held that whether a particular form of copying is a fair use is an open-ended and context-specific inquiry. *Id.* ("The task is not to be simplified with bright-line rules, for the statute, like the doctrine it recognizes, calls for case-by-case analysis.").

### A. Purpose and Character of the Use

The first fair use factor for the Court to consider is the "purpose and character of the use, including whether such use is of a commercial nature."[5] 17 U.S.C §107(1). The main inquiry is whether the new work supersedes the objects of the original or adds something new. *Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 562, 105 S. Ct. 2218, 2231, 85 L. Ed. 2d 588 (1985). *See also Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 693 (7th Cir. 2012) ("Central to determining the purpose and character of a work is whether the new work merely supersedes the original work, or instead adds something new with a further purpose or of a different character.")

---

[5] The use of copyrighted material for commercial profit weighs against a finding of fair use. *See Harper & Row*, 471 U.S. at 539 ("The fact that a publication was commercial as opposed to nonprofit is a separate factor that tends to weigh against a finding of fair use."). Plaintiff asserts that the IARDC proceeding is commercial in nature because, "upon information and belief," the IARDC sells its decisions to companies such as Lexis Nexis and Westlaw for paid or unpaid benefits. (R. 1, Compl. ¶ 18.) This statement is unfounded. The purpose of the IARDC is to "promote and protect the integrity of the legal profession, at the direction of the Supreme Court, through attorney registration, education, investigation, prosecution and remedial action." IARDC Homepage (July 28, 2014), http://www.iardc.org/. Commercial profit is not part of protecting the integrity of the legal profession.

The purpose and character of the IARDC's use is unrelated to the purpose of the Blog, which Plaintiff created to serve as a forum for people to "speak out against corruption in the courtroom." (R.1, Compl. ¶ 6.) As Plaintiff alleges, the IARDC used portions of the Blog as evidence in its disciplinary proceeding against Plaintiff, the author of the Blog. The House Committee on the Judiciary explicitly listed "reproduction of a work in legislative or judicial proceedings or reports" as an example of a fair use. H.R. Rep. No. 94-1476, 65 (1976). In addition, the Seventh Circuit has noted that reproducing copyrighted works for litigation is an example of the fair use doctrine. *Ty, Inc. v. Publications Intern. Ltd.*, 292 F.3d 512 (7th Cir. 2002). In *Ty, Inc.*, a copyright infringement action, the Seventh Circuit commented on the characterization of certain books at issue: "An even clearer case is a two-page spread in For the Love of Beanie Babies entitled "Kitty Corner," which we reproduce (without Ty's permission!— a good example of the fair-use doctrine in action) at the end of this opinion." *Id.* at 519. Other courts have also held that the use of copyrighted material in litigation constitutes a fair use. *See, e.g.*, *Bond v. Blum,* 317 F.3d 385, 396 (4th Cir. 2003) (holding that the defendant's use of the plaintiff's entire copyrighted work in a child custody proceeding "does not undermine the protections granted by the [Copyright] Act but only serves the important societal interest in having evidence before the factfinder"); *Jartech, Inc. v. Clancy,* 666 F.2d 403 (9th Cir. 1982) (holding that the city councils use of copyrighted material in the legal proceedings was not "the same intrinsic use to which the copyright holders expected protection from unauthorized use."); *Stern v. Does*, 978 F. Supp. 2d 1031, 1044-49 (C.D. Cal. 2011) (Reproduction of copyrighted material for use in litigation or potential litigation is generally fair use, even if the material is copied in whole.); *Healthcare Advocates, Inc. v. Harding, Earley, Follmer & Frailey,* 497

9

F.Supp. 2d 627, 638 (E.D. Pa. 2007) (holding that law firm's copying of an entire set of copyrighted web pages was justified where the web pages were relevant evidence in litigation).

Copying portions of the Blog for evidence does not supersede the Blog's purpose as a forum to discuss purported courtroom corruption. Moreover, it is uncontested that Defendants used the reproduction of these copyrighted materials in a judicial proceeding. Therefore, the purpose and character of the Defendants' use of the Blog, as alleged, weighs heavily in favor of a finding of fair use.

### B.     Nature of the Copyrighted Work

The second fair use factor for the Court to consider is the nature of the copyrighted work. 17 U.S.C. §107(2). This factor "draws on Justice Story's expression, the 'value of the materials used.'" *Campbell* 510 U.S. at 586 (citing *Folsom v. Marsh,* 9 F. Cas. 342 (C.C.D. Mass. 1841)). The purpose of copyright law is "to Promote the Progress of Science and useful Arts." U.S. Const. art. I, § 8, cl. 8. Fictional and creative works are closer to the heart of copyright law than factual works. *See Stewart v. Abend,* 495 U.S. 207, 237–238, 110 S. Ct. 1750, 109 L. ED. 2d 184 (1990) (contrasting fictional short story with factual works); *Harper & Row,* 471 U.S. at 563–564 (contrasting soon-to-be-published memoir with published speech); *Sony Corp. of Am. v. Universal City Studios, Inc.,* 464 U.S 417, 455, n. 40, 104 S. Ct. 774 (1984) (contrasting motion pictures with news broadcasts). It is easier to establish a defense of fair use when the work is farther from the heart of copyright law. *See Campbell* 510 U.S. at 586 ("This factor calls for recognition that some works are closer to the core of intended copyright protection than others, with the consequence that fair use is more difficult to establish when the former works are copied"); *Stewart*, 495 U.S. at 237 ("In general, fair use is more likely to be found in factual works than in fictional works").

10

Plaintiff asserts that the Blog was a "place to discuss legal issues and strategies, explain laws and compliance with laws." (R.1, Compl. ¶ 9.) As alleged, the Blog is closer to a factual work or published speech than it is to a short story or unpublished memoir. *See, e.g., Stewart,* 495 U.S. at 237–238 (contrasting fictional short story with factual works); *Harper & Row,* 471 U.S. at 563–564 (contrasting soon-to-be-published memoir with published speech). The factual nature of the Blog weighs in favor of a finding of fair use.

    **C.**    **The Amount and Substantiality of the Portion Used**

The third factor for the Court to consider is the amount and substantiality of the portion used. 17 U.S.C. § 107(3). This factor considers whether the amount used is reasonable in relation to the purpose of the copying. *Campbell,* 510 U.S. at 586. Reasonableness depends on how much the copy serves as a market substitute for the original. *Campbell*, 510 U.S. at 588 ("Once enough has been taken to assure identification, how much more is reasonable will depend, say, on….the likelihood that the [copy] may serve as a market substitute for the original"). Copying the entire work does not, however, guarantee a claim of copyright infringement. *Sony,* 464 U.S. at 449-50 ("the fact that the entire work is reproduced…does not have its ordinary effect of militating against a finding of fair use") (citation omitted).

Here, Plaintiff alleges that Defendants copied the entire Blog. As she alleges, however, the Defendants copied the Blog in connection with the disciplinary proceeding against her. As the Court has already discussed, this is allowed given the uncontested underlying litigation purpose of the materials. (*supra* pp. 8-9.) Further, as alleged, the IARDC only used fifteen paragraphs as part of the public portion of that proceeding. (R.1, Compl. ¶ 10.) Fifteen paragraphs is not a market substitute for a Blog that contains over "1,000 pages." (R.1, Compl. ¶ 23.); *See Campbell*, 510 U.S. at 586, 114 S. Ct. at 1175 (reasonableness depend on the likelihood

11

that the copy may serve as a market substitute for the original). The amount of the Blog copied by the IARDC and the significantly smaller amount used by the IARDC was reasonable in relation to its purpose. Copying the entire Blog serves the important "societal interest in having evidence before the factfinder." *Bond,* 317 F.3d at 396. As such, this factor weighs in favor of a finding of fair use.

### D.  The Effect upon the Potential Market

The fourth fair use factor is "the effect of the use upon the potential market for or value of the copyrighted work." 17 U.S.C. §107(4). This factor "requires courts to consider not only the extent of market harm caused by the particular actions of the alleged infringer, but also 'whether unrestricted and widespread conduct of the sort engaged in by the defendant ... would result in a substantially adverse impact on the potential market' for the original." *Campbell,* 510 U.S. at 590 (citing 3 M. Nimmer & D. Nimmer, Nimmer on Copyright § 13.05[A] [4], p. 13–102.61 (1993)). This factor "requires a court to consider the effect of the use on the *potential* market for the copyrighted work." *Sony*, 464 U.S. at 497.

As laid out in *Campbell,* the Court considers (1) the extent that the copying resulted in market harm and (2) whether unrestricted and widespread conduct of the sort engaged in by Defendants would result in a substantially adverse impact on the potential market for the original. Plaintiff fails to allege that the IARDC's use of the Blog as evidence had any impact on any alleged market for the Blog. Plaintiff never sold or offered to sell the Blog. (R.1, Compl. ¶ 7.) Indeed, Plaintiff alleges that the Blog "is currently very popular and has experienced at least 44,000 hits to date since its creation." (*Id.* at 5.) Further, Plaintiff has not identified any market for or revenue generated from the Blog. The use of the Blog as evidence in a state disciplinary

12

proceeding does not create any adverse impact on any perceived market for the Blog. As with the other factors, this factor weighs in favor of Defendants' fair use.

This Court, taking all fair use factors into consideration, finds that the copying of the Blog by the IARDC and Nextpoint, as alleged in the complaint, was a fair use of the copyrighted material consistent with 17 U.S.C §107. Since Plaintiff's complaint leaves no possible outcome but a finding of fair use, there is no valid claim for copyright infringement. Therefore, the Court dismisses Count I, alleging copyright infringement, for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

## II.     Vicarious and Contributory Copyright Infringement

In order to have a valid claim for contributory or vicarious copyright infringement, Plaintiff must allege a valid direct copyright infringement claim. *See Monotype Imaging, Inc. v. Bitstream, Inc.*, 376 F. Supp. 2d 877, 883 (N.D. Ill. 2005) ("To support a claim for contributory copyright infringement, a plaintiff must demonstrate (1) direct infringement by a primary infringer"); *Monotype Imaging, Inc. v. Bitstream, Inc.,* 03 C 4349, 2005 WL 936882 (N.D. Ill. Apr. 21, 2005) ("In order to support a claim of vicarious infringement, a plaintiff must demonstrate: (1) direct infringement by a primary infringer").

The Court dismisses Plaintiff's claims for contributory copyright infringement (Count II) and vicarious copyright infringement (Count III) for failure to state a claim pursuant to Rule 12(b)(6) because Defendants copied the Blog for fair use and thus no direct infringement exists.

**CONCLUSION**

For these reasons, the Court dismisses with prejudice Plaintiff's complaint and her claims of direct, vicarious, and contributory copyright infringement against Defendants Jerome Larkin, Sharon Opryszek, Melissa Smart, Leah Black, the IARDC, and Nextpoint.

Dated:   August 13, 2014           ENTERED:

AMY J. STEVE
United States District Court Judge