IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOANNE M. DENISON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 14 C 1470 |
| | ) | |
| v. | ) | Judge Amy St. Eve |
| | ) | |
| JEROME LARKIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The Court, in its discretion, denies Plaintiff's motion for an extension of time to file a notice of appeal [43].

## STATEMENT

On August 13, 2014, the Court entered a Memorandum, Opinion, and Order granting Defendants' motions to dismiss and dismissed Plaintiff's copyright claim with prejudice. Before the Court is Plaintiff's motion to extend the time to file a notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5). For the following reasons, the Court, in its discretion, denies Plaintiff's motion.

## LEGAL STANDARD

"The timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell,* 551 U.S. 205, 214 (2007). Under Federal Rule of Appellate Procedure 4(a)(1), a party has thirty days from the entry of judgment in which to file her notice of appeal. *See Sherman v. Quinn,* 668 F.3d 421, 424 (7th Cir. 2012). Rule 4(a)(5), however, allows the Court to extend the time to file a notice of appeal if a party so moves no later than thirty days after the original deadline for the filing of notice of appeal and that party shows excusable neglect or good cause. *See Satkar Hospitality, Inc. v. Fox Television Holdings,* ___ F.3d ___, 2014 WL 4441464 (7th Cir. Sept. 10, 2014). The Seventh Circuit reviews the Court's determination under Rule 4(a)(5) for an abuse of discretion. *See id.*; *Abuelyaman v. Illinois State Univ.,* 667 F.3d 800, 807 (7th Cir. 2011).

## ANALYSIS

In the present motion, Plaintiff, a licensed attorney in the State of Illinois, asks for an extension of time to file a notice of appeal because of her heavy work load, which was due in part to her co-worker Kenneth Ditkowsky's retirement and that she blogs two to three hours a

day. According to the ARDC's website, however, Mr. Ditkowsky has not retired from law, but was suspended from practice on March 14, 2014 for four years. See www.iardc.org.

In any event, the excusable neglect standard is narrowly construed and few circumstances qualify under this standard. *See Satkar Hospitality*, __ F.3d ___, 2014 WL 4441464. Excusable neglect applies in situations where there is fault, and the need for an extension of time is accompanied by something within the movant's control. *See Sherman,* 668 F.3d at 425. More specifically, the excusable neglect standard "refers to the missing of a deadline as a result of such things as misrepresentations by judicial officers, lost mail, and plausible misinterpretations of ambiguous rules." *Abuelyaman,* 667 F.3d at 808. Here, Plaintiff fails to explain why her heavy work load fits under the excusable neglect standard. Indeed, the Seventh Circuit has previously concluded "that the heavy work load of counsel that caused him to overlook the time for appeal does not constitute excusable neglect." *Sherman,* 668 F.3d at 426 (citation omitted); *see also Rubloff Algonquin Portfolio, L.L.C. v. Kohl's Dep't Stores, Inc.*, No. 10 C 50286, 2012 WL 6217534, at *2 (N.D. Ill. Dec. 13, 2012) (same).

The good cause standard "applies in situations in which there is no fault—excusable or otherwise," such as the postal service failing to deliver a notice of appeal. *Sherman,* 668 F.3d at 425 (citation omitted). This standard can be met where forces beyond the appellant's control prevented her from filing a notice of appeal on time. *See Broyles v. Roeckeman,* No. 12 C 7702, 2013 WL 2467710, at *2 (N.D. Ill. June 7, 2013). In her motion, Plaintiff all but concedes that the events leading up to the notice of appeal deadline were under her control, namely, that she has a heavy work load. *See Sherman,* 668 F.3d at 425. Therefore, Plaintiff has failed to establish good cause under the circumstances. *See Joseph v. Hess Oil Virgin Islands Corp.,* 651 F.3d 348, 355 (3d Cir. 2011) ("It is not enough for counsel to claim that s/he is too busy to meet the deadline, has plans to be on vacation, wants more time to study the record, or was only recently added to the client's team of lawyers," because "[s]uch assertions, inasmuch as they turn on factors within the control of counsel or the client, can be raised in most any case and generally do not justify extending the deadline").

**Dated:** September 29, 2014

_____
**AMY J. ST. EVE**
**United States District Court Judge**